IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-CR-00365-RJC-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RAMION BAKER | ) | |
| | ) | |

**THIS MATTER** is before the Court upon letters of the defendant pro se seeking the exercise of the Court's discretion for him to receive good-time credit pursuant to the First Step Act of 2018 (FSA). (Doc. Nos. 13, 14).

The FSA amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable good conduct time from 47 to 54 days per year. However, it is the responsibility of the Attorney General, through the Bureau of Prisons, to compute jail credit. United States v. Stroud, 584 F. App'x 159, 160 (4th Cir. 2014) (citing United States v. Wilson, 503 U.S. 329, 334-35 (1992)). If a defendant is not given the sentencing credit he thinks he deserves, his recourse is first to seek an administrative remedy, 28 C.F.R. § 542.10, and after that to file a petition under 28 U.S.C. § 2241 in the district of confinement.[1] Id.

**IT IS, THEREFORE, ORDERED**, that the defendant's pro se requests for jail credit, (Doc. Nos. 13, 14), are **DENIED**.

---

[1] The defendant is serving his sentence at FCI-Bennetsville in Bennetsville, South Carolina. (Doc. No. 13: Letter at 1).

The Clerk is directed to send a copy of the defendant's docket sheet along with this Order at the place of his incarceration.

Signed: September 4, 2019

Robert J. Conrad, Jr.
United States District Judge